Vera **RICHARDSON**, Plaintiff–Appellant,

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, N.Y. State Office of State Comptroller, N.Y.S. Dept. of Civil Services, Defendants–Appellees.**

**Docket No. 01–7722.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2002.

Vera Richardson, Rochester, NY, Pro Se.

Denise A. Hartman, Assistant Solicitor General State of New York, Albany, NY, for Appellee.

Present OAKES, CARDAMONE, and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff Appellant, Vera Richardson ("Richardson"), appeals from the judgment of the United States District Court for the Western District of New York (John T. Elfvin, *Judge*), entered on May 29, 2001, granting summary judgment in favor of Defendants–Appellees, New York State Department of Correctional Services and N.Y.S. Dept. of Civil Services, and from orders entered October 30, 1997 and April 30, 1998, dismissing claims against these two parties and Defendant Appellee, N.Y. State Office of State Comptroller.

Richardson, a former employee of the New York State Department of Correctional Services, brought suit against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, federal civil rights statutes 42 U.S.C. §§ 1981, 1983, and 1985, New York Executive Law § 296, and the New York State Constitution, alleging racial and gender discrimination and harassment, as well as retaliation. In October 1997, the district court dismissed Richardson's § 1983 claims, holding that the Eleventh Amendment immunized States and their officials from such complaints. In April 1998, the district court dismissed Richardson's complaint as to the Office of the State Comptroller (identified by the district court as the State's Department of Audit and Control) for failure to state a claim and dismissed all of Richardson's other claims on Eleventh Amendment grounds except those under Title VII.

In May 2001, the district court granted summary judgment to the remaining Defendants on Richardson's Title VII claims. The court held that Richardson's retaliation claims failed because she did not provide any evidence challenging the Defendants' legitimate, non-discriminatory reasons for terminating her and for not reinstating her to the position of Supervisor of the Inmate Grievance Program at the Albion Correctional Facility. The court also found that even if Richardson had stated a prima facie case for workplace discrimination, nothing in the record undermined the legitimate, nondiscriminatory reasons given by Defendants for each of their actions. In particular, the court noted that while the record showed a "strained relationship" between Richardson and her supervisor, Sergeant William Reed, there was no evidence that Reed's treatment of Richardson resulted from a discriminatory motive. Finally, the court turned to Richardson's hostile work environment claim and found that the incidents she alleged were insufficiently severe as a matter of law to create a work environment that was abusive or hostile.

Having reviewed all of Richardson's contentions on appeal, we find them without merit and affirm the district court's judgment for substantially the same reasons set forth in its Memoranda and Orders.

For the reasons set forth above, the judgment of the district court is AFFIRMED.